IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 25 2008

GREGORY C. LANGHAM
    CLERK

Civil Action No. 07-cv-02423-BNB

DAVID L. JACKSON,

Applicant,

v.

SARA REVELL,

Respondent.

ORDER TO FILE AN AMENDED APPLICATION

Applicant, David L. Jackson, is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the United States Penitentiary in Florence, Colorado. Mr. Jackson initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 challenging the validity of his conviction and sentence. On January 29, 2008, Magistrate Judge Boyd N. Boland ordered Mr. Jackson to show cause why the Application should not be denied because he has an adequate and effective remedy pursuant to 28 U.S.C. § 2255 in the sentencing court. On February 22, 2008, Mr. Jackson filed a Response to the January 29, 2008, Order to Show Cause.

The Court must construe the Application and the Response liberally because Mr. Jackson is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated

below, the Court will direct Applicant to file an Amended Application if he desires to proceed with the instant action.

The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). "A 28 U.S.C. § 2255 petition attacks the legality of detention and must be filed in the district that imposed the sentence." *Id.* (citation omitted). "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam). A habeas corpus petition pursuant to 28 U.S.C. § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson*, 347 F.2d at 366. Finally, the remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999).

In his Response, Mr. Jackson simply states that he is challenging the manner in which the judgment is being executed by the BOP and that "all other issues present in the motion filed under § 2241 should be disregarded." (Resp. at 1.) Mr. Jackson raises

three claims in the Application including, (1) that his Sixth Amendment rights were violated when he was sentenced to an enhanced sentence under U.S.S.G.; (2) that his Fifth Amendment rights were violated because the sentencing court lacked subject matter jurisdiction; and (3) that the district court can not delegate the scheduling of restitution payments to the BOP. None of the claims that Applicant raises challenge the execution of his sentence. Furthermore, the relief Mr. Jackson seeks in this action is either immediate release, a resentencing, or a new trial. Therefore, the Court finds that Mr. Jackson is challenging the validity of his conviction and sentence.

If Mr. Jackson seeks to challenge the manner in which the BOP is requiring him to make restitution payments he will be directed to amend the Application. The Court is not responsible for reviewing the attachments to the Application and the Addendum that Applicant has filed with the Court to identify any claims that may address the execution of his sentence. Accordingly, it is

ORDERED that the claims Mr. Jackson raises in the Application more properly are addressed pursuant to 28 U.S.C. § 2255 in the sentencing court. It is

FURTHER ORDERED that Mr. Jackson shall file an Amended Application and state only claims that address the BOP's execution of the restitution order entered by the sentencing court if he desires to proceed with the instant action. It is

FURTHER ORDERED that the Clerk of the Court shall send to Mr. Jackson two copies of the Court-approved form: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 for use in filing his Amended Application. It is

FURTHER ORDERED that if Mr. Jackson fails to amend the Application within thirty days of the date of the instant Order the Application will be denied and the action will be dismissed.

DATED February 25, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CERTIFICATE OF MAILING

Civil Action No. 07-cv-02423-BNB

David L. Jackson
Reg. No. 27944-013
USP - Florence High
PO Box 7000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER and two copies of Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** to the above-named individuals on 2/25/08

GREGORY C. LANGHAM, CLERK

By: _____
         Deputy Clerk