IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02423-BNB

DAVID L. JACKSON,

Applicant,

v.

SARA REVELL,

Respondent.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 10 2008

GREGORY C. LANGHAM
CLERK

ORDER OF DISMISSAL

Applicant David L. Jackson is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the United States Penitentiary in Florence. Colorado. Mr. Jackson filed a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 in which he challenges the validity of his conviction and sentence. On January 29, 2008, Magistrate Judge Boyd N. Boland entered an Order to Show Cause and instructed Mr. Jackson to respond and show cause why the action should not be dismissed because challenges to the validity of his conviction and sentence are to be filed in the sentencing court in a 28 U.S.C. § 2255 action.

Mr. Jackson responded on February 22, 2008. In the Response, he asserts that he is challenging the manner in which the restitution order entered against him is being executed. Magistrate Judge Boland directed Mr. Jackson to file an Amended Application and state only claims that address the BOP's execution of the restitution order that was entered by the sentencing court. Applicant filed an Amended Application on March 19, 2008.

The Court must construe the Amended Application liberally because Mr. Jackson is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the Application and dismiss the action.

Mr. Jackson is challenging the BOP's use of the Inmate Financial Responsibility Program (IFRP) to require him to pay court-ordered special assessments and restitution in his criminal cases. He alleges that the BOP threatened him that unless he participated in the IFRP he would not be eligible for placement in medium security. Applicant further asserts that he expected to be denied privileges if he refused to participate in the IFRP, but custody classification is not a privilege that the BOP can deny an inmate. As relief, Applicant requests that the Court remand his claims to the sentencing court so that the sentencing court could reconsider his sentence and instruct the BOP to adopt a proper payment schedule. Mr. Jackson asserts that he has exhausted his administrative remedies with respect to the claim that he raises.

To the extent that Mr. Jackson requests that this Court remand his restitution payment schedule claim to the sentencing court for reconsideration, this Court lacks jurisdiction over Applicant's request. As Mr. Jackson has been instructed, any challenge to a federal prisoner's sentence must be asserted in the sentencing court in a motion pursuant to 28 U.S.C. § 2255. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

The IFRP became effective in 1987 to encourage inmates to meet their "legitimate financial obligations." 28 C.F.R. § 545.10; *see Prows v. Department of Justice*, 938 F.2d 274, 275 (D.C. Cir. 1991) (per curiam). Court-ordered special assessments and restitution specifically are included among the various obligations that are subject to collection through the IFRP. *See* 28 C.F.R. § 545.11(a)(1) & (2). An inmate who refuses to participate in the IFRP ordinarily will be denied certain privileges. *See* 28 C.F.R. § 545.11(d). The BOP has authority to require Mr. Jackson to participate in the IFRP because the IFRP "serves a valid penological objective of rehabilitation by facilitating repayment of debts." *Johnpoll v. Thornburgh*, 898 F.2d 849, 850 (2$^d$ Cir. 1990) (per curiam); *see Phillips v. Booker*, 76 F. Supp.2d 1183, 1192-93 (D. Kan. 1999); *Prows v. United States Dep't of Justice*, 704 F. Supp. 272, 274-75 (D. D.C. 1988); *aff'd*, 938 F.2d 274 (1991). The IFRP does not deprive inmates of constitutional rights to due process. *Dorman v. Thornburgh*, 955 F.2d 57, 58-59 (D.C. Cir. 1992).

Mr. Jackson does not have a constitutional right to a certain custody classification. The United States Supreme Court has held that inmates have "no legitimate statutory or constitutional entitlement" to any particular custodial classification even if a new classification would cause that inmate to suffer a "grievous loss." *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976); *James v. Reno*, 39 F. Supp.2d 37, 40 (D.D.C.1999) (citation omitted) (a federal inmate "has no liberty interest in his security classification"). Accordingly, it is

ORDERED that the Application is denied and the action is dismissed.

DATED at Denver, Colorado, this 9 day of April, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02423-BNB

David L. Jackson
Reg. No. 27944-013
USP - Florence
PO Box 7000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 4-10-08

                               GREGORY C. LANGHAM, CLERK

                     By: _____
                                 Deputy Clerk